UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WIGGINS, ) | 1:08-CV-01036 LJO GSA HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING RESPONDENT'S MOTION |
| v. ) | TO DISMISS |
| ) | |
| ) | [Doc. #10] |
| KEN CLARK, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his conviction by jury trial on December 11, 1989, of second degree murder with use of a firearm with an enhancement for having served a prior prison term. See Petition at 2. Petitioner was sentenced to serve a total indeterminate prison term of twenty-two years to life. Id.

In this petition, Petitioner does not challenge the underlying conviction. Rather, he challenges a 2005 parole hearing in which he was denied parole. Petitioner sought relief at all levels of the state

1  courts. The Los Angeles County Superior Court denied his petition finding the parole board's
2  decision was supported by some evidence. See Respondent's Exhibit 1. The California appellate
3  court then summarily denied his petition. See Respondent's Exhibit 2. Finally, the California
4  Supreme Court denied his petition with citation to In re Robbins, 18 Cal.4th 770, 780 (1998).
5  See Respondent's Exhibit 3.

6  On July 21, 2008, Petitioner filed the instant federal petition. On October 3, 2008,
7  Respondent filed a motion to dismiss the petition for failure to exhaust and for procedural default.
8  Petitioner filed an opposition to the motion on October 22, 2008. Respondent filed a reply to the
9  opposition on October 31, 2008. Petitioner then filed a reply to Respondent's reply on November 10,
10 2008.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

1  U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,
2  1163 (9th Cir. 1988).
3        A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
4  full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.
5  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88
6  F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full
7  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the
8  claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504
9  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
10        In this case, Respondent argues that Petitioner has failed to exhaust his state remedies and is
11  procedurally barred from presenting his claims here, because the California Supreme Court denied
12  the state petition with citation to In re Robbins, 18 Cal.4th 770, 780 (1998), which signifies the
13  petition was denied as untimely. In citing to Robbins, the California Supreme Court found the
14  petition to be procedurally deficient; therefore, the Court did not reach the merits of the petition but
15  determined habeas relief was procedurally foreclosed. Respondent correctly notes that claims are not
16  deemed fairly presented to the state's highest court if they are procedurally deficient. Castille v.
17  Peoples, 489 U.S. 346, 351 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.1994). However,
18  Respondent is not correct in arguing that the Petitioner has failed to exhaust because of the
19  procedural default. In Coleman v. Thompson, 501 U.S. 722, 732 (1991), the Supreme Court stated:
20  "A habeas petitioner who has defaulted his federal claims in state court meets the technical
21  requirements for exhaustion; there are no state remedies any longer 'available' to him." See also
22  Engle v. Isaac, 456 U.S. 107, 125-26 n.28 (1982); Insyxiengmay v. Morgan, 403 F.3d 657, 669 n.5
23  (9th Cir.2005). Therefore, Respondent's motion to dismiss for failure to exhaust should be denied.
24  However, this does not mean that federal review is now permitted.
25  C.  Procedural Default
26        Notwithstanding the fact that Petitioner's claims are technically exhausted, the claims may be
27  barred from federal review because of the procedural default. The Supreme Court has held that a
28  federal court will not review claims in a petition for writ of habeas corpus if the state court has

1  denied relief on those claims on a state law ground that is independent of federal law and adequate to
2  support the judgment. Coleman v. Thompson, 501 U.S. 722, 750 (1991).  This doctrine of procedural
3  default is based on the concerns of comity and federalism. Id., at 730-32.
4      There are limitations as to when a federal court should invoke procedural default and refuse
5  to evaluate the merits of a claim because the petitioner violated a state's procedural rules.
6  Procedural default can only block a claim in federal court if the state court "clearly and expressly
7  states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989). In
8  this case, the California Supreme Court's citation to Robbins clearly indicated its judgment rested on
9  the state bar of untimeliness. Therefore, this first condition is met.
10     The state law ground must also be independent of federal law.  "For a state procedural rule to
11 be 'independent,' the state law basis for the decision must not be interwoven with federal law."
12 LaCrosse, 244 F.3d at 704, *citing* Michigan v. Long, 463 U.S. 1032, 1040-41 (1983); Morales v.
13 Calderon, 85 F.3d 1387, 1393 (9th Cir. 1996), *quoting* Coleman, 501 U.S. at 735 ("Federal habeas
14 review is not barred if the state decision 'fairly appears to rest primarily on federal law, or to be
15 interwoven with federal law.'")  "A state law is so interwoven if 'the state has made application of
16 the procedural bar depend on an antecedent ruling on federal law [such as] the determination of
17 whether federal constitutional error has been committed.'" Park v. California, 202 F.3d 1146, 1152
18 (9th Cir. 2000), *quoting* Ake v. Oklahoma, 470 U.S. 68, 75 (1985).  In Bennett v. Mueller, 322 F.3d
19 573, 580 (9th Cir.2003) (en banc), the Ninth Circuit determined that California's untimeliness rule
20 was "independent" of federal law for purposes of procedural default based on the California
21 Supreme Court's decision in Robbins.
22     Next, a federal court may only impose a procedural bar on claims if the procedural rule that
23 the state used is "adequate" to support the judgment. To be adequate, "the state's legal grounds for
24 its decision must be firmly established and consistently applied." King v. LaMarque, 464 F.3d 963,
25 965 (9th Cir. 2006), *citing* Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003). To be firmly
26 established and consistently applied, the rule must be clear and certain. King, 464 F.3d at 965, *citing*
27 Melendez v. Pliler, 288 F.3d 1120, 1124 (9th Cir. 2002); see also Fields v. Calderon, 125 F.3d 757,
28 760 (9th Cir. 1997) (The state procedural rule used must be clear, consistently applied, and well-

established at the time of the petitioner's purported default). In this case, Petitioner contends the untimeliness bar is inadequate because it is ambiguous and inconsistently applied. Petitioner argues that King supports this argument. However, as Respondent correctly notes, King did not so hold. In King, the Ninth Circuit noted that before the decision in In re Clark, 5 Cal.4th 750 (1993), California's timeliness bar was too uncertain to be a procedural bar in capital cases. 464 F.3d. at 966, *citing* Morales v. Calderon, 85 F.3d 1387, 1391 (9th Cir.1996). However, the Ninth Circuit remanded the case to the district court to determine whether "California's "substantial delay" rule has become sufficiently clear and consistently applied to justify barring federal review." King, 464 F.3d at 968. Respondent refers the Court to a recent decision in this district where the Court conducted an extensive analysis of whether the Robbins timeliness rule is an "adequate" state rule. See Martin v. Walker, No. S-99-0223, 2008 U.S. Dist. WL 652131 (E.D. Cal. Mar. 10, 2008.) This Court has reviewed the Martin decision and agrees with Magistrate Judge Hollows that Robbins has become sufficiently clear and consistently applied so as to be considered an adequate state rule.

      Finally, if the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Coleman, 501 U.S. at 750; Park, 202 F.3d at 1150. Petitioner argues that his procedural default was caused by errors of the court staff in the Los Angeles division of the California Supreme Court in losing, misplacing or failing to process his habeas petition. Petitioner claims he attempted to submit a habeas petition to the California Supreme Court on March 1, 2007, and the petition would have been timely if properly processed. However, for some unknown reason, the petition was not received or filed. In addition, Petitioner states the Los Angeles division of the California Supreme Court does not provide a stamped, filed copy of a petition if filed thereby acknowledging receipt. Petitioner states he made numerous attempts to contact the court administrator and clerk at the California Supreme Court in writing, but none of his communications were answered. Finally, Petitioner received a letter dated August 3, 2007, wherein the clerk informed Petitioner that the court had not received a petition from him dated March, 2007. See Petitioner's Exhibit C. Petitioner made further attempts to track down

the lost petition until he finally filed a new petition on December 26, 2007.

Errors by courts or their staff which impede a petitioner's effort to comply with a state's procedural rules has been found to constitute "cause" to excuse a procedural bar. See Hartman v. Bagley, 492 F.3d 347, 358 (6th Cir.2007); Roberts v. Sutton, 217 F.3d 1337, 1340-41 (11th Cir.2000); Alexander v. Dugger, 841 F.2d 371, 374 (11th Cir.1988). In a similar case, the Tenth Circuit held that a "failure of the clerk to provide [petitioner] with a certified copy made compliance with [the state procedural rule] practically impossible," establishing "cause" to excuse the procedural default. Johnson v. Champion, 288 F.3d 1215, 1228 (10th Cir.2002). Given the facts alleged by Petitioner and the evidence he submits in the form of mail logs and copies of state filings, the Court finds Petitioner has established cause to excuse his procedural default in this case.

Having established cause, Petitioner must next show there was actual prejudice resulting from the inability to raise his claims. Murray v. Carrier, 477 U.S. 478, 494 (1986). The precise contours of the prejudice standard is not clear, but the Supreme Court has stated that a petitioner must demonstrate "not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." United States v. Frady, 456 U.S. 152, 170 (1982). The high court has also held that prejudice is presumed where the error in the trial process is structural, or one so basic to a fair trial as to defy harmless error review. In this case, Petitioner makes no showing of actual prejudice. Moreover, Petitioner's claims involve a decision of the parole board to deny parole. While Petitioner maintains a liberty interest in parole, Irons v. Carey, 505 F.3d 846 (9th Cir.2007), the federal standard of review for a state parole decision is quite deferential.  In Irons, 505 F.3d at 851, the Ninth Circuit held that the standard set forth in Superintendent, Mass. Correc. Inst. v. Hill, 472 U.S. 445 (1985) applies to parole decisions, stating: "We have held that 'the Supreme Court ha[s] clearly established that a parole board's decision deprives a prisoner of due process with respect to this interest if the board's decision is not supported by 'some evidence in the record,' or is 'otherwise arbitrary.'" 505 F.3d at 851, *quoting* Hill, 472 U.S. at 457. Given this deferential analysis, it seems quite clear that Petitioner's claims are not of such a nature as to merit a presumption of actual prejudice. In addition, Petitioner fails to demonstrate a fundamental miscarriage of justice will result

U.S. District Court
E. D. California         cd                                    6

1  if his claims are not heard in this Court. Therefore, the Court finds that federal review of Petitioner's
2  claims is barred by the procedural default doctrine. Respondent's motion to dismiss for procedural
3  default should be granted.

### RECOMMENDATION

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss for exhaustion be DENIED, Respondent's motion to dismiss for procedural default be GRANTED, and the Petition for Writ of Habeas Corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __December 12, 2008__           _____/s/ Gary S. Austin_____
                                        UNITED STATES MAGISTRATE JUDGE